# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD DALE JOLLY, #S05734, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHRISTOPHER OTEY, ) <br> MIKE MILLER, ) <br> WAYNE COUNTY, ILLINOIS ) <br> SHERIFF'S DEPARTMENT, ) <br> and WAYNE COUNTY, ILLINOIS, ) <br> ) <br> Defendants. ) | Case No. 24-cv-01489-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Ronald Jolly, an inmate who is currently in the Illinois Department of Corrections and incarcerated at Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his rights at Wayne County Jail. In the First Amended Complaint, Plaintiff claims he was denied private meetings with his attorney, provided inadequate medical care for miscellaneous issues, and housed in a cell labeled "female" when he identifies as male. He seeks money damages from the county and two high-ranking officials. *Id*.

The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations in the *pro se* First Amended Complaint, the Court designates the following counts:

**Count 1:** Defendants denied Plaintiff private meetings with his attorney, in violation of his right to equal protection of the law under the Fourteenth Amendment.

**Count 2:** Defendants denied Plaintiff adequate medical care for miscellaneous medical issues (*e.g.*, bacterial infections, back pain, ankle pain), in violation of the Eighth or Fourteenth Amendment.[1]

**Count 3:** Defendants humiliated Plaintiff by placing him in a cell that was marked "female" on the Jail's female wing when he identifies as a male, in violation of his federal constitutional and/or state law rights.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The First Amended Complaint does not survive screening because it does not comply with the requirement for a "short and plain statement of the claim" under Federal Rule of Civil Procedure 8. Plaintiff's complaint spans 115 pages. The allegations are vague, meandering, and scattered. Plaintiff does not describe any particular claim with enough detail to understand the nature or scope of his complaint against a single defendant. Rather, Plaintiff names high-ranking county officials and the county for vaguely worded violations of his constitutional rights.

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Individual defendants cannot be liable, unless the defendant caused or participated in a constitutional deprivation. *Id*. The allegations must at least suggest that each individual defendant violated the plaintiff's

---

[1] The applicable legal standard for this claim depends on Plaintiff's status as a detainee or prisoner when the claim arose. The Fourteenth Amendment governs his claim if he was a pretrial detainee, and the Eighth Amendment controls if he was a convicted person. *Currie v. Chhabra*, 728 F.3d 626, 628 (7th Cir. 2013).

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

constitutional rights. Plaintiff names the county, jail administrator, sheriff, and sheriff's department for recording his attorney phone calls, requiring him to sit behind glass when speaking with counsel, denying medical care for miscellaneous medical conditions, and housing him in a cell marked "female." He does not indicate whether, when, or how each defendant played any role in these decisions.

The reason that plaintiffs are required to associate specific defendants with specific claims is so each defendant receives notice of the claims and can properly answer the complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely listing a potential defendant's name in the case caption or in conjunction with a list of vague complaints is not enough to state a claim against that defendant. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Naming high-ranking county officials and the county as the only defendants is problematic for other reasons. Under § 1983, supervisors are not responsible for the acts of subordinates. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). In other words, Plaintiff must show that the supervisory official was personally involved in the constitutional violation because the official knew about the conduct and facilitated, approved, condoned, or turn a blind eye to it. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Having failed to allege what each defendant did to personally violate his rights, Plaintiff has fallen short of articulating any claim that can proceed past screening against the high-ranking officials or county.

The First Amended Complaint does not survive screening and shall be dismissed. Plaintiff will have an opportunity to file another amended complaint to specifically and succinctly state his

claims against each defendant. If he chooses to do so, Plaintiff must comply with the instructions and deadlines set forth in the below disposition.

**Pending Motion**

Plaintiff's Third Motion for Recruitment of Counsel (Doc. 17) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has not shown that he is indigent. He was denied *in forma pauperis* status and prepaid his entire filing fee. Although he describes unsuccessful efforts to locate counsel on his own, Plaintiff has not shown that he requires an attorney to help him litigate this case right now. He filed a complaint and amended complaint that reveal his aptitude with written language and his ability to organize and file long documents. He simply needs to focus his complaint on specific claims against specific individuals, avoiding inclusion of too much information about his generalized grievances unrelated to any particular defendant. The Court is not persuaded that Plaintiff requires court-recruited counsel to assist him in amending his complaint or proceeding *pro se* in the early stages of this case. Plaintiff may renew his request by filing a new motion, if necessary, as the case proceeds.

**Disposition**

The First Amended Complaint (Doc. 12) is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8 and for failure to state a claim against any defendants. The Third Motion for Recruitment of Counsel (Doc. 17) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **November 25, 2024**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed

for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his Second Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and list the case number for this action (No. 24-cv-01489-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/24/2024**                           s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**