IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD DALE JOLLY, #S05734,  ) | |
| ) | |
|        **Plaintiff,**  ) | |
| ) | |
| vs.  ) | Case No. 24-cv-01489-JPG |
| ) | |
| CHRISTOPHER OTEY,  ) | |
| MIKE MILLER,  ) | |
| OFFICER TOOMBS,  ) | |
| OFFICER BUTLER,  ) | |
| WAYNE COUNTY, ILLINOIS  ) | |
| SHERIFF'S DEPARTMENT,  ) | |
| and WAYNE COUNTY, ILLINOIS,  ) | |
| ) | |
|        **Defendants.**  ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for review of Plaintiff Ronald Jolly's Second Amended Complaint (Doc. 22) filed pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred during his confinement at Wayne County Jail. Plaintiff claims that the defendants retaliated against him for filing a lawsuit against county officials in 2009, by denying him medical care, access to his attorney, and appropriate housing following his return to the Jail in 2023. He seeks money damages. *Id*.

The Second Amended Complaint is subject to screening under 28 U.S.C. § 1915A. This statute requires the Court to filter out any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b). At this juncture, the factual allegations in the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Second Amended Complaint**

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 22, pp. 1-44): Plaintiff claims that he was subjected to retaliation by Wayne County officials in 2023 because of a lawsuit he filed against Sheriff Jim Hinkle and Officer Michael Miller in 2009. *See Jolly v. Hinkle*, No. 2009-cv-00074-GPM (S.D. Ill. 2009).

On March 6, 2023, Plaintiff was arrested and booked into Wayne County Jail. *Id*. at 7. During booking, he informed an unknown booking officer[1] that he suffered from back pain requiring treatment with nerve blocking shots, which he had been receiving from Horizon Health Clinic since 2015. Plaintiff complained of severe back pain two days later and asked a jailer to confirm his upcoming appointment for the shot. The jailer instructed him to speak with Chief Jail Administrator/Sergeant Mike Miller. Plaintiff did so that day and emphasized his ongoing need to attend the pain clinic to receive nerve blocking shots for his back pain. Miller assured Plaintiff that he would receive all treatment as long as "he doesn't cause any problems like he's done in the past." *Id*. at 8. At the time, Plaintiff was not causing problems. However, he understood that Miller was referring to a 2009 lawsuit he filed against the officer to challenge several county policies and procedures pursuant to 42 U.S.C. § 1983. *Id*.

From that point forward, Miller took steps to retaliate against Plaintiff, alone and with other staff members. *Id*. at 9. From March through December 2023, Plaintiff was denied access to the pain clinic and treatment for his chronic back pain; each time his treating physician scheduled an appointment, it was cancelled. *Id*. at 10. From March through November 2023, Miller denied him access to confidential communications with his attorney. *Id*. at 9. In May and June 2023, Miller ordered Officers Toombs and Butler to place Plaintiff in female housing to humiliate him and then

---

[1] Plaintiff mentions a booking officer, jailer, treating doctor, and Dr. Pelegrin in the statement of his claim, but he names none of them as defendants and asserts no claims against them.

moved him to a cold cell to harass him. *Id*. When he filed grievances to complain about these issues beginning in June 2023, the retaliation only worsened. *Id*.

## Discussion

Based on the allegations in the *pro se* Second Amended Complaint, the Court designates the following counts:

**Count 1:** Defendants retaliated against Plaintiff for filing a 2009 lawsuit against Mike Miller by denying Plaintiff access to treatment for his chronic back pain from March through December 2023, in violation of the First Amendment.

**Count 2:** Defendants denied Plaintiff access to treatment for his chronic back pain from March through December 2023, in violation of the Eighth or Fourteenth Amendment.

**Count 3:** Defendants retaliated against Plaintiff for filing a 2009 lawsuit against Mike Miller by denying Plaintiff access to confidential communications with his attorney from March through November 2023, in violation of the First Amendment.

**Count 4:** Defendants interfered with Plaintiff's access to the courts by denying him confidential communications with his attorney from March through November 2023, in violation of the First and/or Fourteenth Amendment.

**Count 5:** Defendants retaliated against Plaintiff for filing a 2009 lawsuit against Mike Miller by placing him in housing aimed at humiliating and harassing him, in violation of the First Amendment.

**Count 6:** Defendants placed Plaintiff in housing aimed at humiliating and harassing him, in violation of the Eighth or Fourteenth Amendment.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

### Counts 1, 3, and 5: Retaliation

The First Amendment ensures an inmate's right to file grievances and lawsuits. *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010). "An act taken in retaliation for the exercise of a

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). When an inmate asserts a claim of retaliation for filing a grievance or lawsuit, the inmate must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted).

The allegations articulate claims of retaliation in Count 1 against Defendant Miller for denying Plaintiff access to medical care, Count 3 against Defendant Miller for interfering with Plaintiff's attorney-client communications, and in Count 5 against Defendants Miller, Toombs, and Butler for making housing decisions aimed at harassing and humiliating Plaintiff, all because he filed a 2009 lawsuit against Miller and/or 2023 grievances against the defendants.

### Count 2: Inadequate Medical Care

The medical claim in Count 2 is governed by the Fourteenth Amendment, if the plaintiff was a pretrial detainee, or the Eighth Amendment, if he was a convicted prisoner. Either way, the allegations articulate a claim against Miller.

A detainee asserting a claim of inadequate medical care under the Fourteenth Amendment Due Process Clause must set forth allegations suggesting that the defendant acted purposefully, knowingly, or perhaps even recklessly in connection with a plaintiff's medical treatment, and the challenged conduct was objectively unreasonable based on the totality of the facts and circumstances faced by the defendant. *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018). According to the allegations, Miller was responsible for cancelling Plaintiff's appointments at the pain clinic for treatment of chronic back pain from March through December 2023, resulting in unnecessary and prolonged pain.

A convicted person bringing a claim of inadequate medical care must describe the defendant's deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). Plaintiff's chronic back pain was sufficiently serious because it was diagnosed as requiring treatment during the relevant time period. Miller allegedly acted with deliberate indifference by denying all access to the pain clinic between March and December 2023.

Whether he was a pretrial or convicted person at the time, Plaintiff's claim against Defendant Miller for the denial of adequate medical care shall proceed past screening.

### Count 4: Court Access

The claim of interference with attorney-client communications in Count 4 shall be dismissed without prejudice. This claim is rooted in a denial of access to the courts and requires an inmate to demonstrate "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Shango v. Jurich*, 965 F.2d 289, 292 (7th Cir. 1992) (quoting *Hossman v. Spradlin*, 812 F.2d 1019, 1021-22, n.2 (7th Cir. 1987)). Plaintiff alleges that his meetings with an attorney were monitored, denied, or delayed. However, he does not explain how this interference with his attorney-client communications impacted any pending or anticipated litigation. Count 4 shall therefore be dismissed without prejudice for failure to state a claim for relief against the defendants.

### Count 6: Harassment & Humiliation

Plaintiff's claim for humiliation and harassment, based on his placement in female housing and then a cold cell, does not survive screening. He offers insufficient details about the conditions he endured (*i.e.*, scope, duration, severity), the attempts he made to notify staff (*i.e.*, including defendants), any injuries he suffered (*i.e.*, mental or physical illness), and damages he sustained. Count 6 shall be dismissed without prejudice for failure to state a claim.

**Wayne County Sheriff's Department, Wayne County, and Christopher Otey**

All other claims and defendants are dismissed. This includes the claims against Christopher Otey, Wayne County Sheriff's Department, and Wayne County, Illinois. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). A defendant cannot be liable, unless the defendant caused or participated in a constitutional deprivation. *Id*. Plaintiff names Christopher Otey, Wayne County, and Wayne County Sheriff's Department in connection with his claims for retaliation, denial of medical care, interference with court access, and humiliation or harassment, but he does not indicate whether, when, or how each defendant played any role in these alleged deprviations. The allegations must at least suggest that each individual defendant violated the plaintiff's constitutional rights, and the allegations fall short of doing so. Counts 1 through 6 shall be dismissed without prejudice against these defendants.

The Second Amended Complaint survives screening. Counts 1, 2, 3, and 5 shall receive further review against Miller, who allegedly denied Plaintiff access to medical care for chronic back pain, confidential communications with Plaintiff's attorney, and adequate housing, all in retaliation for filing a lawsuit against him in 2009 and grievances against the defendants in 2023. Because Toombs and Butler were involved in the housing decisions, Count 5 shall also proceed against them. All other claims and defendants shall be dismissed without prejudice.

## Disposition

The Second Amended Complaint (Doc. 22) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNTS 1, 2,** and **3** will proceed against **MIKE MILLER**, in an individual capacity;
- **COUNT 5** will proceed against **MIKE MILLER, OFFICER TOOMBS,** and **OFFICER BUTLER,** in their individual capacities;

6

- **COUNTS 4** and **6** are **DISMISSED** without prejudice for failure to state a claim against any defendants; and

- **ALL OTHER CLAIMS and DEFENDANTS** are **DISMISSED** without prejudice because the Second Amended Complaint fails to state a claim against them.

**The Clerk's Office is DIRECTED to TERMINATE Defendants CHRISTOPHER OTEY, WAYNE COUNTY, ILLINOIS, and WAYNE COUNTY, ILLINOIS SHERIFF'S DEPARTMENT as parties in CM/ECF and ENTER this Court's standard HIPAA-Qualified Protected Order.**

The Clerk shall prepare for **MIKE MILLER, OFFICER TOOMBS,** and **OFFICER BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 22), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   January 21, 2025            s/J. Phil Gilbert
                                     J. PHIL GILBERT
                                     United States District Judge

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.