

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

RECEIVED

AUG 2 1 2025

*Karin Pannier*
*Librarian*
*Vienna C.C.*

### ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, or pleading. to
the U.S. District Court for the Southern District of Illinois for review and filing.

SCANNED
8/21/25

JOLLY, RONALD                    505734
Name                             ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?          Yes or (No)

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?    (Yes) or No

    If yes, please list case number:  24-CV-01489-JPG

    If yes, but you do not know the case number, mark here: _____

3.  Should this document be filed in a pending case?              (Yes) or No

    If yes, please list case number:  24-CV-01489-JPG

    If yes, but you do not know the case number, mark here: _____ 31 w/cover
4.  Please list the total number of pages being transmitted:      98   7 of 3

5.  If multiple documents, please identify each document and the number of pages for each
    document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

    Name of Document                                  Number of Pages
    MOTION FOR LEAVE TO FILE 3RD AMENDED                    2
    COMPLAINT

    _____              _____

    PLAINTIFFS THIRD AMENDED COMPLAINT                    95

    COVER SHEET                                            1

Please note that discovery requests and responses are NOT to be filed; instead they should be
forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned
unfiled.

EXHIBIT #8



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

**KWAME RAOUL**
ATTORNEY GENERAL

July 20, 2023

**SENT VIA US MAIL**
Mr. Ron Jolly
305 E. Court
Fairfield, IL 62837

Re: Your Complaint against Wayne County Jail
     2023-CRC-5485

Dear Mr. Jolly,

   The Civil Rights Bureau of the Illinois Attorney General's Office has received a copy of your complaint against the Wayne County Jail. Thank you for taking the time to share with us the details of what you experienced.

   Unfortunately, the Civil Rights Bureau will not investigate further at this time. We have documented the incidents to track whether the conduct continues or indicates a possible pattern or practice of discrimination.

   This should not be considered a final determination of the merits of your allegations or the result of any formal findings of fact or law. If you wish to proceed with possible claims, you should speak with an attorney or contact any of the organizations listed below for legal services.

**John Howard Association**
70 E Lake Street # 410
Chicago, IL 60601
Phone: (312) 291-9183
Website: https://www.thejha.org/

**Illinois Department of Corrections Jail and Detention Standards Division**
555 W. Monroe Street
#600-S
Chicago, IL 60661
Phone: (217) 558-2200 ex 412
Website: https://www2.illinois.gov/idoc/aboutus/Pages/JailandDetentionStandards.aspx

EXHIBIT #8

**Uptown People's Law Center**
4413 North Sheridan
Chicago, IL 60640
Phone: (773) 769-1411

If you believe that we can assist you with any other civil rights-related matters, please do not hesitate to contact our office. If you have any questions about the work our Bureau handles or general civil rights-related questions, feel free to call our hotline at (312) 814-3400.

Sincerely,

Shavon M. Robinson, MS
Paralegal, II

**THE OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF ILLINOIS**

EXHIBIT # 9



## OFFICE OF THE STATE'S ATTORNEY

### WAYNE COUNTY

Kevin C. Kakac      307 East Main Street      Phone (618) 842-3433
State's Attorney      Fairfield, Illinois 62837   FAX (618) 847-4618

April 25, 2024

Mr. Ronald D. Jolly, S05734
Graham Correctional Center
12078 Illinois Route 185
Hillsboro, IL 62049

Re: FOIA Request Dated 04/18/2024

Dear Mr. Jolly:

I have reviewed your request for examination or copying of records to the Wayne County Sheriff pursuant to the Illinois Freedom of Information Act, codified at 5 ILCS 140/1 et seq. A copy of your request is enclosed. Pursuant to your request, enclosed please find emails in the possession of the Wayne County Sheriff's Office responsive to your request.

The review of these documents and the response to this request was undertaken by Wayne County Assistant State's Attorney Kyle ELlis. You have the right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Attorney General. 5 ILCS 140/9.5(a). You can file your Request for Review with the PAC by writing to:

Public Access Counselor Office of the Attorney General
500 South 2nd Street
Springfield, Illinois 62706
Fax: 217-782-1396
E-Mail: publicaccess@atg.state.il.us.

You also have the right to seek judicial review of your denial by filing a lawsuit in the State Circuit Court. 5 ILCS 140/11. If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this denial. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and the denial letter when filing a Request for Review with the PAC.

Please direct any questions concerning this matter to my attention.

Respectfully,

Kyle Ellis
Wayne County Assistant State's Attorney

KAE/gml

Enclosures

EXHIBIT #9

# FREEDOM OF INFORMATION ACT REQUEST

DATE OF REQUEST: 4-18-24     REQUEST NO: 2

NAME OF AGENCY (PUBLIC BODY): WAYNE COUNTY SHERIFF
ADDRESS: 305 E. COURT ST.
CITY: FAIRFIELD     STATE: IL.     ZIP: 62837

REQUESTER'S NAME: Ronald D. Jolly     IDOC #: 505734
REQUESTER'S ADDRESS: 12078 IL. RT. 185
CITY: HILLSBORO     STATE: IL.     ZIP CODE: 62049

DEAR AGENCY (PUBLIC BODY):
I am making the following request for information pursuant to
the ILLINOIS FREEDOM OF INFORMATION ACT, 5 ILCS 140/1 et.seq.
I would like the following records and/or information:

PLEASE SEE ATTACHED DOCUMENTS: where you either by
accident or on purpose left out contents of July 6, 2023
Emails sent and received from Jonathan Turpin and
Chris Otey. Can you please send me the
Contents of those Emails Dated July 6, 2023
Thank you.

In accordance with 5 ILCS 140/6(b) "documents shall be furnished
without charge.." for the first 50 pages of black and white
legal size copies. I am requesting a waiver and/or reduction
of the fee, according to 5 ILCS 140/6(a)(b) because I am incarcerated
at GRAHAM                     Correctional Center.

Disclosure of the requested information to me is in the public
interest because it will contribute significantly to the public
understanding of the operations and/or activities of State Government.
I look forward to hearing a response form you within (7) seven
business days, according to 5 ILCS 140/3(d) of the act.
PLEASE NOTE: A non-response after (7) seven business days will
be considered a "denial of request" 5 ILCS 140/3(c)

                                    Respectfully Submitted:

Ronald Jolly

EXHIbIT #9

# FREEDOM OF INFORMATION ACT REQUEST

DATE OF REQUEST: 3-18-2024   REQUEST NO: 1

NAME OF AGENCY (PUBLIC BODY): WAYNE COUNTY SHERIFF's DEPARTMEN
ADDRESS: 305 E. COURT ST.
CITY: FAIRFIELD   STATE: IL   ZIP: 62837

REQUESTER'S NAME: RONAID D. Jolly   IDOC #: S05734
REQUESTER'S ADDRESS: 12078 IL. RT. 185
CITY: HILLSbORO   STATE: IL   ZIP CODE: 62049

DEAR AGENCY (PUBLIC BODY):
I am making the following request for information pursuant to
the ILLINOIS FREEDOM OF INFORMATION ACT, 5 ILCS 140/1 et.seq.
I would like the following records and/or information:
I'm requesting copies of received & sent Emails/
Corrospondance with Jonathan Turpin, attorney
General & Horizon Healthcare requarding Ronaid
D. Jolly between the Dates 3-6-2023 to
Current Date. Please & Thank you
That is any Corrospondance with those listed
above sent & received with Wayne County Sheriffs
Department requarding Ronaid D. Jolly

In accordance with 5 ILCS 140/6(b) "documents shall be furnished
without charge.." for the first 50 pages of black and white
legal size copies. I am requesting a waiver and/or reduction
of the fee, according to 5 ILCS 140/6(a)(b) because I am incarcerated
at GRAHAM                  Correctional Center.

Disclosure of the requested information to me is in the public
interest because it will contribute significantly to the public
understanding of the operations and/or activities of State Government.
I look forward to hearing a response form you within (7) seven
business days, according to 5 ILCS 140/3(d) of the act.
PLEASE NOTE: A non-response after (7) seven business days will
be considered a "denial of request" 5 ILCS 140/3(c)

Respectfully Submitted:

3 OF 5

Ronald Jolly

 **Gmail**          Chris Otey <sheriffotey@gmail.com>

## Jonathan Turpin
` messages

athan Turpin <jonturpin13@gmail.com>
sheriffotey@gmail.com" <sheriffotey@gmail.com>        Thu, Jul 6, 2023 at 2:33 PM

Please see attached per our phone conversation just now. JTe.

📄 **Letter and complint for Chris Otey 762023.pdf**
2119K

**Chris Otey** <sheriffotey@gmail.com>        Thu, Jul 6, 2023 at 3:21 PM
To: Jonathan Turpin <jonturpin13@gmail.com>

Received, thank you

Sheriff Chris Otey
[Quoted text hidden]

---

**Chris Otey** <sheriffotey@gmail.com>        Fri, Jul 7, 2023 at 5:19 PM
To: Jonathan Turpin <jonturpin13@gmail.com>

Mr. Turpin

Some unforeseen circumstances happened and was unable to properly review everything today. I will get in touch with you Monday and we can see what we can work out to make this happen.

Thanks
Sheriff Chris Otey
[Quoted text hidden]

---

**Jonathan Turpin** <jonturpin13@gmail.com>        Fri, Jul 7, 2023 at 5:25 PM
To: Chris Otey <sheriffotey@gmail.com>

Thanks for letting me know and giving the issue serious consideration. I'll eagerly await a suggestion to solve this issue. Have a good weekend. JTe.
[Quoted text hidden]

The information transmitted in this electronic message may contain CONFIDENTIAL and/or PRIVILEGED information. If you are not the intended recipient, any disclosure, distribution, or use of the contents of this message is STRICTLY PROHIBITED. If you have received this communication in error, please contact the sender by reply e-mail and delete the message from your computer system immediately.

---

**Chris Otey** <sheriffotey@gmail.com>        Mon, Jul 10, 2023 at 4:23 PM
To: Jonathan Turpin <jonturpin13@gmail.com>

Mr. Turpin

I have reviewed the request for an in person meeting with an inmate at the Wayne County Jail. If you would call the Wayne County Jail and speak with Sgt. Mike Miller or Corporal Dylan Toombs we can schedule an in person meeting with inmate Jolly. Both Sgt. Miller and Corporal Toombs will be on duty during the day tomorrow and the rest of the week during normal business hours.

Thank you
Sheriff Chris Otey

4 OF 5

[Quoted text hidden]

___

**Jonathan Turpin** <jonturpin13@gmail.com>        Mon, Jul 10, 2023 at 4:25 PM
To: Chris Otey <sheriffotey@gmail.com>

Thank you Sheriff I'll be happy to do so. I appreciate you getting back to me. I'd like to schedule with you a time I could speak with you personally about these matters and how I can work with the policies of the Sheriffs dept and the Jail in the future for visits. JTe.

[Quoted text hidden]

COPIES                                                    EXHIBIT #9

# WAYNE COUNTY JAIL INMATE REQUEST AND GRIEVANCE FORM

## Chris Otey — Sheriff

INMATES NAME _Jolly_          CELL BLOCK _ISO_     CELL # _5_

### ***INSTRUCTIONS***

1) Print all information.
2) Provide as much information as possible. If more writing room is necessary attach an additional sheet of paper to this grievance.
3) Place an (x) in the box you are requesting information/ assistance on.
4) Complete One (1) request/ grievance form for each section checked.

**Administration:**
- ☐ Complaint about treatment
- ☐ Disciplinary Reclassification
- ☐ Request special visit
- ☐ Medical Co-Payment Grievance

**Classification Section:**
- ☐ Request Trustee Status
- ☐ Request Reclassification
- ☐ Complaints Regarding other inmates

**Court Liaison:**
- ☐ Release Date       ☐ Bond Amount      ☐ Trial Date Set
- ☐ Holds/ Detainers   ☐ Other            ☐ Extradition
- ☐ Request Information

**Facility Programs:**
- ☐ Bible Study        ☐ Library Services
- ☐ Drug Counseling    ☐ Alcoholic Anonymous
- ☐ Educational Classes ☐ Other

**Medical Section:**
- ☐ Sickness           ☐ Medication
- ☐ Depression         ☐ Dental Concern
- ☐ Injury             ☐ Other

**Other Concerns:**                                COPIES
- ☐ Personal Property  ☐ Commissary   ☐ Laundry  ☒ Other
- ☐ Shift Supervisor   ☐ Request Information  ☐ Trust Account Balance

Explain reason for request or grievance: _I have some legal documents &_
_medical bills that I need to get copied at my_
_expense. Please charge my trust/commissary account._

Inmates Signature: _____  Date: _10-14-23_

Staff Response: _We do not make copies for detainees._

Staff Officer Signature _CPl Toombs J2_   Date: _10-17-23_

EXHibit
# 10

FILED
Wayne Co. Circuit Court
2nd Judicial Circuit
Date: 11/4/2024 11:43 AM
Pamela Southerd

1    IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
      WAYNE COUNTY, ILLINOIS
2

3
     THE PEOPLE OF THE        )
4    STATE OF ILLINOIS,       )
                              )
5              Plaintiff,      )
                              )
6        vs.                   )  NO. 2021-CF-18
                              )      2021-CF-131
7    RONALD D. JOLLY           )      2021-CF-147
                              )      2023-CF-43
8              Defendant.      )      2022-MT-15
                              )      2022-MT-159
9                             )  **FINAL PRETRIAL**

10

11

12       REPORT OF PROCEEDINGS of the Final Pretrial before

13   the Honorable JUDGE MICHAEL MOLT, commencing on

14   **June 1, 2023.**

15

16   APPEARANCES:

17     ATTORNEY WILLIAM EASTON,

18              Assistant State's Attorney,
                for the People of the State of Illinois;
19
       ATTORNEY ROGER WHITE,
20              Public Defender
                for the Defendant.
21

22

23            **Tonya Collins, RPR/IL CSR**
                 **Official Court Reporter**
24               **IL CSR No. 084.004785**

1    THE COURT:  All right.  Okay.  Anything else to come

2    before the Court in Mr. Jolly's cases today?

3    ATTORNEY EASTON:  No, your Honor.

4    ATTORNEY WHITE:  Judge, just briefly, again, I know

5    the last time I raised the issue and, of course, I don't

6    believe the Assistant State's Attorney was present; but

7    Mr. Jolly hasn't had, again, access to the library or any

8    other materials to help in the preparation of -- and

9    research of his case.

10    Furthermore, Judge, we talked about the $500.00

11    that was taken off from -- off Mr. Jolly's person of the

12    day he was arrested, March 6, of 2023.  Mr. Jolly is again

13    asking that that money is placed into evidence be released

14    from -- released from evidence and applied on his books as

15    Mr. Jolly does not have access to any money for

16    commissary, etc.  And I don't believe that that money is

17    in furtherance of any crime.  I don't believe that based

18    upon these Indictments it is -- it is listed nor is there

19    a forfeiture action on it.

20    So what I'm asking, Judge, is that that money be

21    given to Mr. Jolly or applied on his books.

22    THE COURT:  All right.  Is that -- that money that was

23    obtained pursuant to the arrest on 23-CF-43?

24    ATTORNEY WHITE:  That's correct, Judge.  It was in his

1    pocket when he was arrested.

2    THE COURT:  Mr. Easton, what's your response to that

3    request?

4    ATTORNEY EASTON:  Your Honor, my response is that's

5    not before the Court.  I don't know why that money was

6    taken from Mr. Jolly.  I -- I, frankly, am not in a

7    position to address that.  And if Attorney White wishes to

8    bring that before the Court so we have time to prepare a

9    response to that, that would be my request.

10   THE COURT:  Okay.  I'm going to show on oral Motion of

11   Roger White for return of $500.00 to Defendant, Assistant

12   State's Attorney requests written Motion and time to

13   prepare for said Hearing.  And you can include that in a

14   written Motion, Mr. White, for Thursday after -- I mean,

15   it's not evidence.  I don't know whether -- couldn't use

16   it over there at the Jail for his expenses but, I mean, if

17   it is evidence --

18   ATTORNEY EASTON:  I agree, your Honor.  I just have no

19   idea as to the situation.

20   THE COURT:  I don't know if he can use it over there

21   at the Jail as to his expenses, and that's his story, but

22   I don't have -- I don't know the answer right here.  So we

23   can take that up on Thursday.

24   ATTORNEY WHITE:  Thank you, Judge.

1    ATTORNEY EASTON:  Thank you, your Honor.

2    THE COURT:  All right.  I did -- Mr. White, I didn't

3  address your other question.  I had the same answer as I

4  did last week.  I'm not in charge of the Jail.  That's up

5  to the Sheriff and Correctional Staff over there.  So I

6  can't really order them to do anything other than they're

7  doing at this point.

8    ATTORNEY WHITE:  I understand, Judge.  I just want it

9  on the record.

10   THE COURT:  I understand.

11       All right.  That's all for today.

12              (End of Proceedings.)

13              *    *    *    *    *

14

15

16

17

18

19

20

21

22

23

24

1  your Appointed Counsel.  But I've -- I've -- I've kind

2  of bent that rule in Wayne County, at least for

3  people -- at least on one occasion, if they're not --

4  not able to get along with their counsel or if they

5  don't agree with their counsel.  Then, I -- I,

6  often -- I, often, do vacate the -- the appointment.

7       Now, in this instance, I think Mr. Jolly has

8  significant bond posted with -- he could make a bond

9  assignment.  If he wants to retain his own attorney,

10  if he wants to choose his own counsel, he's got the

11  right to do that.  And he can use that to -- Court

12  normally approves those bond assignments.  And, you

13  know, to -- if -- if he wants to retain his own

14  counsel.

15       So, Mr. Easton, do you have any objection to

16  Mr. White's motion for -- to vacate his appointment?

17       ATTORNEY EASTON:  Yes, Your Honor.  I would

18  object.  I -- I agree that with remedy, Mr. Jolly

19  could use his bond and then seek an assignment to hire

20  private counsel, Your Honor.  But the state would

21  object for this moving the trial date as a result of

22  that, Your Honor.

23       THE DEFENDANT:  Your Honor, it'd be easier to

24  get appointed counsel -- I mean, to hire a counsel if

1   the state didn't stop the county jail from allowing

2   the counsel to come in to speak with me.  There's been

3   a problem of him being able to come in there and see

4   me.

5       THE COURT:  All right.  Well, I've -- I've

6   had -- I've had some discussion about that with the

7   State's Attorney and with other attorneys.  And it --

8   it -- it's my understanding -- I may be wrong.  But

9   it's my understanding that the objection was that it

10  was your belief -- or Counsel -- Attorney's belief

11  that all of the conversations were being recorded.

12  And, therefore, you weren't able to have a private

13  conversation.  And I -- I -- I'm told that that is not

14  the case with -- if you're talking to your attorney,

15  they -- they turn the recording off.  So it is a

16  private conversation.

17      Now, there may be an issue with -- if the

18  attorney's really repre- -- if he's representing you

19  or not.  The question is:  Do you have -- do you have

20  the right under the jail rules to have a conversation

21  with an attorney who may represent you or who may not.

22  I can't answer that question.  But I've been told that

23  you can have a private conversation with your -- an

24  attorney that won't be recorded.

1          THE DEFENDANT:  Your -- Your Honor, maybe the
2    state wants to go over there and actually use that
3    phone.  Because the first thing it says when you pick
4    it up, this phone is being recorded.  As we're sitting
5    there talking, that's what is going on over there.
6    And, also, anytime you submit a request form in the
7    county jail and ask for a list of attorneys or
8    anybody's address or anything, they report back -- the
9    answer back on the grievance or request form that they
10   do not look up phone numbers or addresses for anybody.
11   And anytime you do legal paperwork or any research and
12   you ask to make copies and pay for out of your own
13   trust account, it's not allowed.
14        THE COURT:  Well, I -- I'm really not in charge
15   of the rules at the jail.  But I did inquire about the
16   conversations.  And I was told that they could be held
17   and not be recorded.
18        Now, I -- it -- it may be that that -- I don't
19   know how the thing works over there.  Maybe it's going
20   to say every time it's being recorded and they turn it
21   off.  But that -- I was told it would be turned off so
22   you could have a private conversation.
23        Now, the -- Mr. Jolly has -- it's my
24   understanding that there's been a waiver of the Speedy

1   Trial requirement in this case.  Is that right or not?

2   Or is that in the other cases?

3         ATTORNEY WHITE:  In 2023, Judge -- or in the

4   2023 case, there's never been a waiver of --

5         THE COURT:  All right.  So that's -- well, I'm

6   going to -- what are our time limits here?  I'm going

7   to give him time to try to retain an attorney.  He --

8   he had an appointed counsel.  And he couldn't get

9   along with his appointed counsel.  He's got money

10  in -- in bond.  And that's commonly used to retain

11  counsel.  So I'm going to give him opportunity to do

12  that.  But I want to know what our -- what our time

13  limits are here.

14        ATTORNEY WHITE:  Judge, July 3 would be Day

15  119.

16        THE COURT:  And so it -- so that's -- so that'd

17  be at 120 days.

18        So, Mr. Jolly, you've got an option here.  You

19  can -- we can waive the speedy trial requirement --

20  oh.  You said July.  I'm sorry.

21        ATTORNEY WHITE:  July, yes.

22        THE COURT:  Okay.

23        ATTORNEY WHITE:  Yes, Your Honor.  Yeah.

24        THE COURT:  So July 3 would be 119?

```
 1           ATTORNEY WHITE:  Correct, Your Honor.

 2           THE DEFENDANT:  (Nodding head in the positive.)

 3           THE COURT:  All right.  That's not going to

 4      give you much time to retain a lawyer and get

 5      prepared.  You can waive your Speedy Trial requirement

 6      at this time until Further Order of Court.  And you

 7      could -- you could withdraw that waiver at any time.

 8      But if you waive it right now, it'll give you more

 9      time to hire a lawyer.

10           THE DEFENDANT:  Your -- Your Honor, five weeks

11      ago, I was trying to seek Counsel -- other counsel.

12      And I cannot even get an -- a list of attorneys in the

13      area to call.  They -- they won't give it to me.  They

14      won't look up a -- a -- nothing.  I mean, how am I to

15      get --

16           THE COURT:  You're getting my -- you're getting

17      me -- I'm not going to get involved in management of

18      the jail.  But there's, surely, someone -- maybe Mr.

19      White could give you some names.  I don't know.  The

20      only -- the person that -- one person complained to me

21      about not being able to talk to you privately was

22      Mr. Turpin.  I said, well, I don't -- I don't control

23      the jail.  I don't know what's going on over there.

24           But then, I asked the state's attorney about
```

```
 1    it.  He told me that -- that he would either talk to
 2    the sheriff, or the sheriff had already told him that
 3    they don't record conversations with attorneys.
 4    So ...
 5         THE DEFENDANT:  But it says it's recorded.  Mr.
 6    White can even vouch for that.  He was just there.
 7         THE COURT:  I -- I understand.  I believe what
 8    you're saying -- telling me.  But they're either
 9    turning it off after that statement is made, or they
10    can't turn that recorded statement on -- or off, I
11    mean.  You know?  That -- I'm assuming that that's
12    some kind of a recording.  Is it a human that tells
13    you that or -- it's --
14         ATTORNEY WHITE:  It's an audio message, Judge.
15         THE COURT:  Right, audio message.
16         ATTORNEY WHITE:  As soon as -- as soon as it's
17    put in, that -- that it is recorded.
18         THE COURT:  You know, I'm just telling you what
19    I've been told, that you can have a private
20    conversation with a lawyer, not recorded.
21         So I -- I'm going to vacate Mr. White's
22    appointment here.  I'm consistent.  That's the way
23    I've got to do it in every case.
24         THE DEFENDANT:  (Nodding head in the positive.)
```

```
1        THE COURT:  And give you time to hire a lawyer.

2        But what I'm asking you is:  Do you want to

3    attempt to do this and get ready for trial, knowing

4    that your trial would have to be set probably at -- at

5    the end of this month?  Because July 3 is the 119th

6    day, according to Mr. White.  And that is a Monday

7    prior to July 4 holiday.  But we could start the trial

8    on that date.  And then -- you know, it would have to

9    be suspended for the holiday.  So that -- that's your

10   option.

11       Now, you -- I could give you some time to --

12   to -- to make that decision.  You don't have to make

13   it today, since you don't have a lawyer.  But that

14   July 3 date is available for a jury trial.  But the

15   reason we haven't set one on that date is because we

16   would have to start on the 3rd, have a holiday on the

17   4th.  And then, we'd have to resume on the 5th.  But

18   that's -- that's not a problem.

19       So we can -- I -- you've got an option here.  I

20   mean, we -- I can set your Jury Trial on that date.

21   Or I can set you -- set a Status Hearing next Thursday

22   and let -- you can -- you can let me know if you want

23   a trial date on that date or if you want to waive your

24   right to a Speedy Trial, giving you and your new
```

1  not Mr. Jolly had retained counsel.

2  And I believe that Mr. Jolly has bond

3  posted, and Judge Molt indicated that he would

4  approve a bond assignment for any attorney that Mr.

5  Jolly might be retaining, your Honor.

6  THE COURT:  Mr. Jolly, have you

7  retained an attorney?

8  THE DEFENDANT:  Your Honor, I have not

9  retained an attorney due to the fact -- and I

10  brought this up the last time I was here.  I've

11  wrote several request forms in the county jail

12  requesting phone numbers and addresses to local

13  attorneys within a 30-or-40-mile radius.  And the

14  jail refuses to look up addresses and phone numbers.

15  And I have not been able to reach out to any

16  attorneys.

17  And in almost the two years that

18  Mr. White was my attorney, I have never seen not one

19  shred of discovery.  And I guess at this point in

20  time, since I can't get addresses and phone numbers

21  to search for an attorney, I would ask for the

22  discovery to be released to me without being

23  redacted.

24  That way, I can, at least, start

25  working on my own case.  At this point in time, I

1   have no addresses or phone numbers to contact

2   attorneys and don't see any way to get them at this

3   point.

4           THE COURT:  Do you have any internet

5   access at the jail, Mr. Jolly?

6           THE DEFENDANT:  No, I do not, your

7   Honor.  And currently I'm being held on the female

8   side of the facility with three other inmates.  I do

9   not know why us four are being housed over there,

10  but that's the situation right now.

11          We're behind a closed door.  So we have

12  no access to the general population.  But we have

13  not committed any disciplinary actions.  But the

14  door clearly states female, the door that we're

15  behind.

16          THE STATE:  If I may be heard in

17  response at the Court's convenience, your Honor?

18          THE COURT:  Go ahead.

19          THE STATE:  Thank you, your Honor.

20  Whatever request Mr. Jolly is making is not before

21  the Court at this time.  Judge Molt is well aware of

22  Mr. Jolly's complaints regarding communication.  And

23  those issues have been addressed with Mr. Jolly.

24  And I believe that anything beyond the status of Mr.

25  Jolly's hiring of counsel needs to be brought back

1  before Judge Molt in a status next week, your Honor.

2          And we're aware that at least one other

3  attorney has been consulting with Mr. Jolly during

4  Mr. White's appointment in this case.  And I believe

5  that anything further beyond Mr. Jolly's reporting

6  of the status needs to be taken up with Judge Molt,

7  your Honor.

8          THE DEFENDANT:  Your Honor, if I may?

9          THE COURT:  All right.  Go ahead.

10          THE DEFENDANT:  We do have a trial

11  coming up.  And the last -- the 119th day would be

12  July 3.  And I think at this point in time, we

13  probably need to get some of that discovery to me,

14  at least, because that is the last possible day to

15  start the trial.  And if I had -- was able to get

16  phone numbers and addresses, I can call attorneys.

17          But I don't -- I don't have any of

18  these phone numbers and addresses.  I've asked

19  numerous times.  I've brought even the request slips

20  with me.  And they say they do not look up phone

21  numbers or addresses.  And so it's -- I don't have

22  no way to reach out to anybody to try to find

23  counsel.

24          THE COURT:  All right.  Give me one

25  minute, Mr. Jolly.

```
 1              THE DEFENDANT:  Okay.  Thank you.
 2              THE COURT:  Which attorneys?  You've
 3    had Mr. White as an attorney.  Have you had any
 4    other attorneys?
 5              THE DEFENDANT:  I had a Jonathan
 6    Turpin.  He worked on discovery for me on a case in
 7    2021.  But he does not, at the current time,
 8    represent me.
 9              THE COURT:  Do you have an objection to
10    him representing you?
11              THE DEFENDANT:  No, I do not.
12              THE COURT:  In other words, is his
13    phone number one of the ones you would want?
14              THE DEFENDANT:  I have his phone
15    number.  But we haven't reached a decision on
16    whether or not I was going to retain him as counsel.
17    And that is actually on -- we've been limited to --
18    the phone over there that you get to see your
19    attorney on, it says it is recording whenever you
20    pick it up.
21              And that's where we've had a -- we
22    haven't come to an agreement with the Court and the
23    sheriff yet to confirm that it's not being recorded.
24    And Jonathan Turpin and myself do not feel
25    comfortable speaking on that line when it clearly
```

1  says it is being recorded when you pick it up.  And

2  that's where we've had the problem with possibly

3  hiring him as counsel.

4             THE COURT:  So you do have Mr. Turpin's

5  number?

6             THE DEFENDANT:  I do have Mr. Turpin's

7  number, yes.

8             THE COURT:  Okay.  Do you have any

9  other attorney's numbers?

10             THE DEFENDANT:  No.

11             THE COURT:  Are there any other

12  attorneys that you've retained that you have their

13  number?

14             THE DEFENDANT:  No, I do not, your

15  Honor.

16             THE COURT:  Are there any other

17  attorneys that you've had before that you would like

18  their number?

19             THE DEFENDANT:  The only other attorney

20  I know, he's retired.

21             THE COURT:  Okay.

22             THE DEFENDANT:  And that would be Alan

23  Downen, but he is retired.  And I don't have his

24  number, but I do know him.  Other than that, there

25  is no other attorneys that I know in this area.

1          THE COURT:  All right.  Just a moment.
2    We'll go off the record.

3          (Off the record.)

4          THE COURT:  We'll go back on the
5    record.  All right.  Mr. Jolly, at first you said
6    that you didn't have access to a telephone or a
7    phone number.  Then you stated you just weren't
8    comfortable talking to one of the attorneys, Mr.
9    Turpin, over the telephone provided, even to just
10   ask him to come to the jail to talk about hiring
11   him.  And so it looks like you do have access to a
12   telephone.

13         I checked with the clerk.  There are
14   some other attorneys that are appointed in Wayne
15   County for conflict purposes.  I am not appointing
16   any of those for you.  But I will provide you with
17   their telephone numbers.  And then you can feel free
18   to call them.  And then we're going to set it for
19   another status then.

20         THE DEFENDANT:  Your Honor, if I may?

21         THE COURT:  What?

22         THE DEFENDANT:  I think I may have been
23   misleading on that.  What I meant was the phone that
24   I'm able to talk to the attorney at the jail through
25   the visiting room, that one is the one that says

1  it's being recorded.  And so when he comes to see

2  me, he does not want to speak on that phone because

3  it says it's being recorded.  And that's at the

4  jail.  Not over the telephone, but the visiting

5  phone, your Honor.

6          THE COURT:  Okay.  Well, that does

7  clarify things.  But you're still able to use a

8  telephone to call attorneys on an outside line?  Is

9  that right?

10          THE DEFENDANT:  Yes, if I have some

11  phone numbers.

12          THE COURT:  All right.  I'm going to

13  get you those phone numbers written down.  I'm going

14  to put them of record now.  And then I'll have a

15  list made out for you.  One is a Mr. Meador at

16  (512)395-4425.  Another is a Mr. Reeves,

17  (618)316-7322.  And a final one is Mr. Costa,

18  (618)316-7016.

19          I'm not aware of any other lists of

20  attorneys that the clerk would have for attorneys in

21  the area.  But those are, at least, four attorneys

22  that you could contact.  And then we're going to set

23  a status.  And then we'll have a status June 15 at

24  1:00 p.m.  Mr. Easton, anything else?

25          THE STATE:  Not from the State, your

1    THE COURT:  I call the following cases: People of

2    the State of Illinois v. Ronald D. Jolly, 2021-CF-18,

3    21-CF-131, 21-CF-147, 22-MT-15, 22-MT-159, 23-CF-43.  At

4    this time, which case is set for trial, Mr. Easton?

5        ATTORNEY EASTON:  Your Honor, it is 23-CF-43.

6        THE COURT:  Okay.  In all these cases, I'll ask

7    that the record reflect that the assistant state's

8    attorney, the defendant in custody of Wayne County --

9    Mr. Jolly, I was on vacation last week.  I set a status

10   hearing for the 8th of July, I believe it was.  I

11   informed the state's attorney's office that on that

12   date, you are going to advise if you have counsel or

13   not, and you were going to advise if you wanted your

14   jury trial set within the 120 days, which would be up to

15   start on July 3rd or not.

16        I wasn't here, but the docket shows that the

17   jury trial is set for July 3 at 9:00 a.m.  So have you

18   been able to retain an attorney to represent you at that

19   trial?

20       THE DEFENDANT:  No, I have not, Your Honor.

21       THE COURT:  Do you want to represent yourself, or

22   do you want to try to get an attorney to represent you?

23       THE DEFENDANT:  I would like to try to get an

24   attorney, but I don't have any access to a telephone.

1    THE COURT:  All right.  Mr. Easton, do you have any
2  idea how he could get access to a telephone and call
3  lawyers?

4    ATTORNEY EASTON:  Your Honor, it is my
5  understanding that Mr. Jolly does have access to a
6  telephone.  Judge Hudson gave him three phone numbers of
7  attorneys that regularly appear in our court to contact.
8  It is my understanding that he has outgoing phone
9  privileges.  I am not aware of any issue with Mr. Jolly
10  having access to a phone, Your Honor.

11    THE DEFENDANT:  Your Honor, my PIN number at the
12  jail has been discontinued and does not work.  So I
13  cannot utilize a telephone.

14    THE COURT:  Okay.  You are going to have to educate
15  me a little bit.  So you have a PIN number.  Is that
16  something that's specific to the Wayne County Jail phone
17  system, or how does that work?

18    THE DEFENDANT:  I guess it is.  I haven't been in
19  any other county jail in several years.  You have got to
20  have a PIN number so they know who's making the call,
21  and that way they know what account to deduct it from.
22  Because it is a prepaid call is what it is.

23    THE COURT:  You are trying to make a call and your
24  PIN number won't work?

retaliation from Ms. Fenton. That's on video too. I have the write-ups here. They won't let the sheriff get them. The administrator gets these responses to them. I can't get the grievance past them.

I have asked for an appeals process to submit these grievances to Springfield, Department of Corrections, or whoever oversees this, and they're stopped at the jail. So it is a clear case of -- where I took a female officer hostage. That is a serious allegation. I have done a lot of things in my life, but I have never taken no female officer hostage. That's being in a hostile living environment for me over at the Wayne County Jail. I feel that maybe I need to be sent to another facility or something because it's made very hostile living conditions for me.

I mean, even Brad Bean who got the same ticket, which I have right here, five days later he was let out on a review hearing. A review hearing is put in place to review how you -- see how you are doing while you're in isolation. It's part of your due process that they have put in the handbook at the Wayne County Jail. He gets it and I don't. Plain as day. And I can call all these witnesses right now, and some of them are correctional officers.

1    THE COURT:  Okay.  Now, Mr. Jolly, I am not -- I
2    don't think I have jurisdiction over the grievances at
3    the jail.  I think there is an administrative position
4    -- an administrative procedure at the jail.  I have
5    never ruled on a grievance from the jail.  I have never
6    had anybody bring over a grievance from the jail over
7    here.  You may be right, but there is some
8    administrative procedure --
9         THE COURT REPORTER:  I didn't hear him when he
10   interrupted you.
11        THE COURT:  Well, what I'm saying is, I don't have
12   jurisdiction on that.  Okay?  So I'm not going to make
13   any comment one way or the other, but I'm going to stand
14   by my state- -- maybe your proposal is going to be
15   accepted.  We don't know, but the state's attorney, he's
16   going to know that you've had the opportunity to talk to
17   lawyers or a lawyer and make a decision that somebody is
18   going to represent you or they are not.  I understand
19   that.  And I'm going to make the request to the state's
20   attorney.  I don't -- the state's attorney is going to
21   be asked to tell the sheriff.  I understand I don't have
22   any jurisdiction.  The sheriff is in charge of the jail,
23   but we have got an impending trial here, and I want to
24   know if Mr. Jolly is going to be represented or not.